# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN J. SCHROEDER, | CASE NO. 1:10-CV-01905-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED (DOC. 1) |
| v. | |
| MATTHEW CATE, et al., | |
| Defendants. | OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |
| _____/ | |

**Findings And Recommendations**

**I.      Background**

Plaintiff Alvin J. Schroeder ("Plaintiff") was a prisoner formerly in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing his complaint on October 13, 2010.  Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

**II.     Summary of Complaint**

Plaintiff was formerly incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants Matthew Cate, secretary of CDCR, and former governor Arnold Schwarzenegger.

Plaintiff alleges the following.  Plaintiff contends that he and other male inmates should be allowed to have depictions of female nudity, including pornographic and/or obscene materials.  Plaintiff also contends that female correctional staff violate Plaintiff's right to privacy being present in the housing units.  Plaintiff requests as relief that male inmates be permitted to procure pornographic or obscene photos of female nudity, and that female staff be banned from all male inmate living quarters.

**III.    Analysis**

Plaintiff's contentions regarding the photos of female nudity implicate the First Amendment.  Plaintiff fails to state a claim.  The prohibition of possession of such photos in the prison context serves a legitimate penological interest. *Mauro v. Arpaio*, 188 F.3d 1054, 1058-59 (9th Cir. 1999) (en banc) (holding exclusion of sexually explicit materials serves the legitimate penological interests of institutional security, rehabilitation of inmates, and reducing sexual harassment of prison employees) .

Plaintiff's contentions regarding female security staff working in the presence of male

1 inmates also fail to state a claim.  Prisoners retain only a very limited Fourth Amendment to
2 shield themselves from being observed nude.  *Michenfelder v. Sumner*, 860 F.2d 328, 333-34
3 (9th Cir. 1988).  The right is not violated if guards only make casual observations or if the
4 observations are made from a distance.  *Id.* at 334.[1]  Plaintiff alleges no facts that indicate female
5 guards are actively observing Plaintiff nude.  The mere possibility of misconduct falls short of
6 meeting the plausibility standard.  *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009)
7 (citing *Iqbal*, 129 S. Ct. at 1949-50).

8       According to the court docket, Plaintiff was paroled.  Notice of Change of Address, Doc.
9 7.  Plaintiff seeks only injunctive relief in this action.  As Plaintiff was challenging his conditions
10 of confinement, Plaintiff's request for injunctive relief appears moot.  *See*, *e.g.*, *Andrews v.*
11 *Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (transferring prisoner to another prison
12 renders prisoner's request for injunctive relief at moot if there is no reasonable expectation of
13 return to the prison).

14 **IV.    Conclusion And Recommendation**

15       Plaintiff fails to state any claims against any Defendants.  The Court does not find that
16 Plaintiff will be able to plead additional facts to cure the deficiencies in his complaint.
17 Accordingly, further leave to amend should not be granted.  *See Lopez v. Smith*, 203 F.3d 1122,
18 1127 (9th Cir. 2000) (en banc).

19       Based on the foregoing, it is HEREBY RECOMMENDED that

20     1.    This action is DISMISSED for failure to state a claim upon which relief may be
21         granted; and

22     2.    This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

23       These Findings and Recommendations will be submitted to the United States District
24 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **twenty-**
25 **one (21) days** after being served with these Findings and Recommendations, the Plaintiff may

26

---

27     [1] Plaintiff cites to a class action filed in San Bernardino County regarding this issue.  That class action is
28 not controlling here, as it concerned strip searches of various detainees at the San Bernardino County Jail without reasonably suspicion that they possessed contraband.

1 file written objections with the Court. The document should be captioned "Objections to
2 Magistrate Judge's Findings and Recommendations." The Plaintiff is advised that failure to file
3 objections within the specified time may waive the right to appeal the District Court's order.
4 *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

    IT IS SO ORDERED.

    Dated: **May 6, 2011**　　　　　　　　　　/s/ **Dennis L. Beck**
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

4